UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Michael P. Henderson,                                          Civil No. 04-4996 (DWF/AJB)

                Petitioner,

v.                                                                              **REPORT AND RECOMMENDATION**

State of Minnesota,

                Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on amended petition pursuant to 28 U.S.C. § 2254 for habeas corpus relief by a person in state custody. [Docket No. 4]. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner is confined at the Minnesota Correctional Facility at Faribault pursuant to conviction and sentencing in Mille Lacs County District Court.

The prisoner asserts in this petition that he was denied his right to speedy trial as guaranteed under the Sixth Amendment to the United States Constitution. Respondent opposes petitioner's §2254 motion, acknowledging that there was some delay in bringing the defendant to trial, but insisting that such delay did not violate the defendant's Sixth Amendment right to speedy trial. For the reasons stated below it is recommended that the amended petition [Docket No. 4] be dismissed with prejudice.

**Background and Claims**

Petitioner in this matter is a state prisoner currently incarcerated at MCF-Faribault, Minnesota. He was arrested on May 21, 2002, in connection with the execution of a warrant to search

his residence and person. He was charged with offenses relating to the manufacture of methamphetamine and he appeared before a judge on May 22, 2002. The defendant next appeared for court hearing on May 28, 2003, at which time he requested an omnibus hearing. Hearing was commenced on July 11, 2002, but the defendant requested a continuance and no plea was entered. Mr. Henderson expressly asserted his right to speedy trial when hearing was resumed on July 24, 2002.[1] The defendant again appeared for omnibus hearing on August 16, 2002, and he again demanded speedy trial, though no plea had yet been entered on the record. Briefs were submitted on omnibus issues on August 30, 2002, and the trial court's ruling was issued on December 16, 2002. The defendant yet again asserted his right to speedy trial at a pretrial conference held on January 8, 2003. The district court denied the defendant's motion to dismiss on speedy trial grounds and trial was held on February 3, 2003. The defendant was convicted by a jury on a count of first-degree controlled substance crime (manufacture of methamphetamine) and a second count of illegal use of a police scanner. On April 9, 2003, he was sentenced to an executed term of 129 months on the methamphetamine manufacturing charge. The sentence consisted of an 86-month guidelines term with a 43-month upward departure. A concurrent 13-month sentence was imposed on the second count.

Petitioner Henderson appealed his convictions and sentence to the Minnesota Court of Appeals. As a ground for appeal the petitioner asserted violation of his Sixth Amendment right to speedy trial. In addition, he challenged the upward departure on sentencing and the trial court's failure to allow him to address the court prior to sentencing. The appellate court found no violation of the

---

[1] State v. Henderson, 2004 WL 1833936, *3 (Minn. App.)(unpublished opinion).

defendant's right to speedy trial and affirmed the conviction.  However, with respect to sentencing the Court of Appeals remanded the matter to the trial court for reconsideration of the upward departure in light of Blakely v. Washington, __U.S. __, 124 S.Ct. 2531 (2004).  In addition the appeals court held that the trial court erred in failing to ask the defendant whether he wished to make a statement at sentencing, but found that the issue was essentially moot because the trial court was therein reminded to ask the defendant if he wished to make a statement before re-sentencing on remand.  The Minnesota Supreme Court denied the defendant's petition for further review on the speedy trial question on October 27, 2004.  The present petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed in United States District Court on June 15, 2004.  Petitioner's sole claim in this §2254 petitioner is that his Sixth Amendment right to speedy trial was violated as a result of an excessive delay between his initial demand for speedy trial on July 24, 2002, and the commencement of trial on February 3, 2003.  Respondent State of Minnesota contends that the petitioner was not denied a speedy trial and opposes the petition for §2254 relief.

**Sixth Amendment Speedy Trial**

A petition for writ of habeas corpus by a person in custody pursuant to state court judgment may be entertained by the District Court only on grounds that the person is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2254.  Consequently, though criminal defendants are entitled to speedy trial under both the United States and Minnesota Constitutions, as well as the Minnesota Rules of Criminal Procedure, State v. Henderson, 2004 WL 1833936, *3 (Minn. App.)(unpublished opinion), it is only the right to speedy trial under the United

States Constitution that may be considered in this action.[2]

Four principal factors to be examined in determining whether a defendant has been deprived of the right to a speedy trial under the Sixth Amendment are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to speedy trial, and (4) the prejudice to the defendant. United States v. Richards, 707 F.2d 995, 997 (8th Cir. 1983)(citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972)). Typically, none of these factors constitutes an independently dispositive condition on which to base a finding that a person has been denied the right to a speedy trial, but rather, the factors must be considered together, along with other relevant circumstances. Id. (citing Barker, 407 U.S. at 533, 92 S.Ct. at 2193)). Except where the delay is so inordinately lengthy that automatic dismissal is appropriate, the length of the delay serves as a triggering factor such that consideration of other factors is not necessary unless the delay is of sufficient duration that it is presumptively prejudicial. Id. The approximately six-and-a-half-month delay between the defendant's July 24, 2002, speedy trial request and the February 3, 2003, trial is long enough to require consideration of other factors but is not so inordinately lengthy that automatic dismissal is required. Smith v. Mabry, 564 F2d. 249, 251 (8th Cir. 1977).

With respect to the reason for the delay it appears that several factors came into play, including a 23-day continuance of the omnibus hearing, a two-week briefing period, and a three-and-a-half-month period during which omnibus issues were pending before the trial court. There is no evidence that trial in this matter was deliberately delayed or that the delay was the result of an effort to

---

[2] The 70-day speedy trial rule at 18 U.S.C. §3161(c)(1) relates to federal prosecutions and therefore is not applicable in this case.

either hamper the defense or to give an advantage to the prosecution.  Therefore, the reason for delay is a factor carrying little weight under the circumstances in this case.  See  Barker v. Wingo, 407 U.S. at 531, 92 S.Ct. 2192.

Next, the assertion of the right to speedy trial is a factor that may carry heavy evidentiary weight in the analysis, as indicated largely by the defendant's own determination in demanding speedy trial.  Barker v. Wingo, 407 U.S. at 531-32, 92 S.Ct. 2192-93.  In this instance the defendant expressly requested speedy trial on July 24, 2002, and on August 16, 2002.  He also asserted he right to a speedy trial at a pretrial conference on January 8, 2004.  While these demands for speedy trial certainly preclude any government contention that the defendant never asserted his right to speedy trial, and are therefore critical to the claim of deprivation of the right, the demands alone do not establish that the defendant was denied his right to a speedy trial.  Id.  Furthermore, the defendant's assertion of his speedy trial right may be considered less weighty in light of a state court determination that the assertion was equivocal.[3]  State v. Henderson, 2004 WL 1833936, *3.

Finally, the court will consider the prejudice to the defendant.  In this regard the critical interests to be protected are the need to prevent oppressive pretrial confinement; to minimize anxiety

---

[3] The Minnesota Court of Appeals determined as a matter of state law that the 60-day speedy trial requirement under Minn. R. Crim. P. 11.10 was not violated in this instance because the speedy trial time does not begin to run until a plea is entered.  In reaching this conclusion the court found that the district court had not refused to allow the defendant to enter a plea at an omnibus hearing on August 16, 2002, and Mr. Henderson did not effectively enter a plea until he appeared at a pretrial conference on January 8, 2003, a mere 26 days before his February 3, 2004, trial.  Because Rule 11.10 expressly makes entry of a plea the event which starts the running of the 60-day speedy trial period, the defendant's demand for speedy trial, without an accompanying request to enter a plea, was equivocal at best.  State v. Henderson, 2004 WL 1833936, *3.

and concern of the accused; and to limit the possibility that the defense will be impaired. United States v. Richards, 707 F.2d at 997-98 (citing Barker v. Wingo, 407 U.S. at 532, 92 S.Ct. at 2192). Impairment of the defense relates to the fairness of the entire system and is the most serious of the interests at issue. Barker, 407 U.S. at 532, 92 S.Ct. at 2193. Any pretrial confinement is potentially oppressive and likely to cause anxiety to some degree, but the Court finds no persuasive evidence that the period of detention or the nature of the confinement were particularly onerous or that the defendant was required to endure anxiety beyond that which would typically be experienced by a pretrial detainee who was fully aware of the charges pending against him. Most importantly, no evidence or particularized allegations have been put forth to establish that the defense was impaired by inability to produce witnesses or in any other way. The petitioner was not prejudiced by any delay in going to trial on the state charges. In sum, none of the factors to be considered in determining whether a person's Sixth Amendment right to speedy trial has been violated weighs in the petitioner's favor and the Court therefore concludes that Mr. Henderson was not prosecuted in violation of his right to speedy trial.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the petitioner's amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 4] be **dismissed with prejudice**.

Dated:     April 29, 2005

                                                 s/ Arthur J. Boylan
                                                 Arthur J. Boylan
                                                 United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 16, 2005. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.