# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael P. Henderson,                                    Civil No. 04-4996 (DWF/AJB)

                Petitioner,

v.                                                    **ORDER AND MEMORANDUM**

State of Minnesota,

                Respondent.

---

Michael P. Henderson, *Pro Se*, #118137, Petitioner.

Christopher J. Zipko, Esq., and Tara C. Ferguson, Esq., Mille Lacs County Attorney's Office; Thomas R. Ragatz, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Respondent.

---

     This matter is before the Court upon Petitioner Michael P. Henderson's ("Petitioner")

objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated May 2, 2005,

recommending that Petitioner's amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus

by a Person in State Custody be dismissed with prejudice.

     The Court has conducted a *de novo* review of the record, including a review of the arguments

and submissions of the Petitioner and counsel for the government, pursuant to 28 U.S.C. § 636(b)(1)

and Local Rule 72.1(c).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Petitioner Michael P. Henderson's objections (Doc. No. 16) to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated April 29, 2005, are **DENIED**.

2.      Magistrate Judge Arthur J. Boylan's Report and Recommendation dated May 2, 2005 (Doc. No. 14), is **ADOPTED**.

3.      Petitioner's request for an evidentiary hearing is **DENIED**.

4.      Petitioner Michael P. Henderson's amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 4) is **DISMISSED WITH PREJUDICE**.


Dated:  June 20, 2005                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         Judge of United States District Court


## MEMORANDUM

Petitioner asserts that he was denied his right to a speedy trial, as guaranteed under the Sixth Amendment to the United States Constitution.  The factual background for this matter is clearly set forth in the Report and Recommendation ("R&R") of Magistrate Judge Boylan and is incorporated by reference for purposes of Petitioner's objections.

**Petitioner's First Objection**

2

Petitioner asserts that the R&R erroneously converts his pretrial written motion demand for a speedy trial to an on-the-record court hearing.  Petitioner is correct.  There was a written demand for a speedy trial filed with the state court on July 24, 2002, demanding a speedy trial.  However, the fact that there was a written demand for a speedy trial, consistent with the Minnesota Rules of Criminal Procedure, does not change the outcome in the above-entitled matter.

**Petitioner's Second Objection**

Contrary to the Petitioner's view, there is no evidence or credible allegations in the record before the Court that the defense was impaired by its inability to produce witnesses or prejudiced in any other way.  Consequently, Petitioner was not prejudiced by the delay in going to trial on the state charges.

It may well be that there was a delay in receiving the lab reports from the Minnesota Bureau of Criminal Apprehension Laboratory, as suggested by the Petitioner in his second objection.  However, it is readily apparent that if the issue had been raised during pretrial proceedings, the state could have easily shown good cause for delaying the trial, pending receipt of lab reports, which are critical in such prosecutions.  Even though the Respondent concedes that there was a delay between May 2002 and the trial in February 2003, not processing chemical lab tests does not create or cause trial prejudice to the Petitioner or a violation of Petitioner's Sixth Amendment right to a speedy trial under the United States Constitution, which is the issue before this Court.

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court adopted a four-part balancing test to determine whether a series of continuances infringed upon the defendant's right to a speedy trial.  The *Barker* test assesses the "[l]ength of delay, the reason for the delay, the

3

defendant's assertion of his right, and prejudice to the defendant."  Admittedly, the approximately six and one-half month delay between the Petitioner's July 24, 2002, speedy trial demand and the February 3, 2003, trial is long enough to require consideration of other factors, but it is not so inordinately lengthy that automatic dismissal is required.  *Smith v. Mabry*, 564 F.2d 249, 251 (8th Cir. 1977); *United States v. Richards*, 707 F.2d 995 (8th Cir. 1983).

There is no evidence in the record that trial in this matter was deliberately delayed or that the delay was the result of an effort to either hamper the defense or to give an advantage to the prosecution.  In fact, the government had the option, but did not utilize it, to move for good cause to continue the case.

The assertion of the right to speedy trial was made on July 24, 2002, and again on August 16, 2002.  While there is no evidence of a deliberate attempt to delay the trial in order to interfere with the defense, there was a violation of the time line set forth in Rule 11.10.  Contrary to the requirements of Rule 11.10, the practice of the state court in the instant case was not to permit the defendant to enter a plea of not guilty when the omnibus hearing was pending or taken under advisement, which is what occurred here.  The trial judge instructed the defendant, "I won't receive the plea until the omnibus decision is in."  While this was and perhaps is a common practice in state trial courts, such a practice is contrary to Rule 11.10.  However, while what occurred on August 16, 2002, is not a textbook example of how Rule 11.10 of the Minnesota Rules of Criminal Procedure is supposed to work with respect to the right of a defendant to enter a not guilty plea to trigger the 60-day speedy trial time frame, it is also true that the trial court and the prosecution had good cause under the meaning of the same rule to try the case when they did, based upon the record before the Court.  More significantly,

there was no prejudice to the defendant by the delay.  The Petitioner has not established the

requirements set forth in *Barker*, *supra*.  Whether the delay was caused by the inability to complete the

lab report or the length of time the trial judge needed to make a ruling, the result is the same in this case,

notwithstanding the assertions of the Petitioner.

**Petitioner's Third Objection**

The Petitioner asserts that his demand for a speedy trial was not equivocal.  While the Court

may have reached a different result than the state appellate court, based upon the record before this

Court and the clear meaning and intent of Rule 11.10 of the Minnesota Rules of Criminal Procedure,

that is not constitutionally tantamount to a violation of the Petitioner's right to a speedy trial under

*Barker*.  The Court has examined the four principle factors under *Barker v. Wingo* and concludes that

the Petitioner was not denied his right to a speedy trial under the United States Constitution.  Petitioner

was not prosecuted in violation of his right to a speedy trial, even assuming less than textbook

compliance with Rule 11.10 of the Minnesota Rules of Criminal Procedure.

**Petitioner's Request for an Evidentiary Hearing**

The Court concludes that an evidentiary hearing would serve no purpose whatsoever in this

case.  Even if the Petitioner's allegations were accepted as true by the Court, the Petitioner would not

be entitled to relief.  *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998).  No evidentiary hearing

is required in this case.

**Conclusion**

Based upon all of the facts and circumstances before the Court, including the Court's *de novo*
review of the record, for the reasons stated above, the Court finds and concludes that the Petitioner
was not denied a speedy trial under the Sixth Amendment of the United States Constitution.  For these
reason, the Court had adopted the R&R of Magistrate Judge Arthur J. Boylan.  Accordingly,
Petitioner's amended petition for a writ of habeas corpus by a person in state custody is denied.

D.W.F.